UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

ASTON BAKER,                                                   Case No. 1-01-24227-dem

                     Debtor.
------------------------------------------------------------x

## DECISION AND ORDER ON FINAL APPLICATION
## FOR ATTORNEYS FEES AND COSTS

Appearances:

Roy J. Lester, Esq.
Lester & Associates, P.C.
Attorneys for Debtor and Debtor-in-Possession
600 Old Country Road, Suite 229
Garden City, New York 11530

Diana G. Adams, Esq.
United States Trustee for Region 2
Office of the United States Trustee
271 Cadman Plaza East, Room 4529
Brooklyn, New York
By:    William E. Curtin, Esq.
         Trial Attorney

DENNIS E. MILTON
United States Bankruptcy Judge

## INTRODUCTION

        The matter is before the Court on the application of the law firm of Lester & Associates P. C. (the "Lester firm") for final allowance of compensation as debtor's counsel.  On November 15, 2001, Aston Baker (the "debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  On January 25, 2002, the debtor converted his case to a Chapter 11 case.   On June 4, 2004, the Court confirmed the debtor's plan of reorganization.  All

secured and unsecured creditors have been paid in full under the plan. The Lester firm is the fifth counsel of record for the debtor in this case.

## THE FEE APPLICATIONS

On October 22, 2009, the Lester firm filed the fourth and final application for compensation and reimbursement of expenses (the "Final Application"). The law firm had previously filed three interim fee applications for payment of professional fees and reimbursement of expenses. From these three prior requests, the Lester firm has been paid $166,444.80 in fees and $4,320.03 in reimbursement of expenses. In this final fee application, the Lester firm submits a request for payment of $47,401.00 in professional fees and $1,108.99 for reimbursement of expenses and a request for payment of $96,077.20 in fees requested in the prior interim fee applications but held back. The United States Trustee and the debtor filed separate Objections to the Lester firms' Final Application.

On November 19, 2009, the Court conducted a hearing on the Final Application took the motion under advisement. For the reasons set forth below, the Court awards the Lester firm fees in the net amount of $116, 871.70 for professional fees and $1,108.99 for reimbursement of expenses.

### Award of Reasonable Attorneys' Fees and Reimbursement of Expenses

The issue before the Court is whether the request for attorneys fees and costs which counsel have submitted is reasonable.

A. The Standard

The Court will review the propriety of fees and expenses under the

reasonableness guidelines of Section 330(a) of the Bankruptcy Code.[1]   Section 330 (a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S. C. § 330.  Rule 2016(a) of the Federal Rules of Bankruptcy Procedure implements the standards set forth in Section 330 of the Code and requires that the application contain "a detailed statement of (1) the services rendered, the time expended and expenses incurred, and (2) the amounts requested."  Fed.R.Bankr.P. 2016(a).  To satisfy this burden, a claimant must justify its charges with detailed, specific, itemized documentation.  In re Dimas, LLC, 357 B.R. 563, 576 (Bankr. N.D.Cal. 2006); In re Bennett Funding Group Inc., 213 B.R. 234, 244 (Bankr.

---

[1] The Court notes that even in non-bankruptcy cases, an applicant requesting an award of fees has the burden to prove the reasonableness of such fees and that vague and otherwise insufficient descriptions of services often result in a denial or reduction in the amount of fees sought.  See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct.  1933, 1939, 76 L.Ed.2d 40 (1983); Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748,763-64 (2d Cir.1998); New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1147 (2d Cir.1983).

N.D.N.Y. 1997); In re Poseiden Pools of America, Inc., 180 B.R.718, 729 (Bankr. E.D.N.Y. 1995), affirmed 216 BR. 98, 100 (E.D.N.Y. 1997).   Billing records must clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, their level of experience and that person's hourly rate. In re Fibermark, Inc., 349 B.R. 385, 395 (Bankr. D.Vt. 2006).   The records must be detailed enough to enable a Court to determine whether the attorneys are claiming compensation for hours that are "redundant, excessive, or otherwise unnecessary."  Hensley, 461 U.S. at 434.  See also  In re Recycling Industries, Inc., 243 B.R. 396, 401 (Bankr. D.Colo. 2000); In re Poseidon Pools of America, 180 BR. at 729.

Special Counsel which has not been retained is not entitled to compensation for services performed.  See In re Moon, 385 B.R. 541, 549-550 (Bankr. S.D.N.Y. 2008)( "An attorney whose retention has not been approved by the bankruptcy court prior to the time that the attorney renders service is not within the class of persons that is eligible for compensation from the estate"); In re Fibermark, Inc., 349 B.R. 385, 394 n.3 (Bankr. Vt. 2006)(a professional who renders service prior to the retention date established by the court may not be compensated from the estate under 11 U.S.C. § 330).

The Court may also deny compensation where Special Counsel's actions violate the Bankruptcy Code, add administrative expenses to the estate and did not provide a benefit to the estate.  A court may deny compensation for services that conferred no benefit on an estate. In re Keene Corp., 205 B.R.,690, 696 (Bankr. S.D.N.Y. 1997).  The test is an objective one, and courts examine "what services a reasonable lawyer or legal firm would have performed in the same circumstances." In re Ames Dep't Stores, Inc, 76 F.3d 66, 72 (2d Cir 1996).

B.        Application of the Standard

The billing records here generally reflect that the services rendered were clearly identified and performed within a reasonable amount of time commensurate with the complexity of the issues presented. However, reduction of the fees requested is warranted for services rendered prior to retention, services rendered which did not benefit the estate, improper block billing and excessive charges for travel time.

1.        Reduction for Services Rendered Prior to Retention

The United States Trustee objected to the Lester firm's first interim fee application to the extent that the Lester firm sought compensation for services rendered prior to its effective date of retention. These fees total approximately $900.00. The Court sustains the objection and reduces the award accordingly.

2.        Reduction for Services Which Did Not Benefit the Estate

The United States Trustee also objected to a full award of compensation for work performed for two unsuccessful appeals without any explanation of the benefit which these appeals had to the estate. The Trustee argued that the Lester firm's efforts had financially harmed the estate and that the Court should fix the Lester firm's fee at fifty per cent of the fees requested. The Court sustains this Objection and reduces the award of counsel fees by $23,434.00.

3.        Reduction for Block Billing

A review of the billing records reflects approximately 14.4 hours, totaling

$2,922.00, in unauthorized block billing[2]. In determining the amount of the reduction to an authorized fee, the Court has by analogy looked to instances where other courts have reduced legal fees for block billing[3] and for problems associated with vague and inadequate entries.[4]

The Court has deducted fifty per cent (50%) of the fees reflected in the unauthorized block billing entries. Across the board percentage cuts in the fees claimed are routinely utilized so that courts do not misuse their time "set[ting] forth item-by-item findings concerning what maybe countless objections to individual billing items." McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006); Williamsburg Fair Housing Committee v. The New York City Housing Authority, 2007 WL 486610,*5 (S.D.N.Y. February 14, 2007); Daiwa Special Asset Corp., 2002 WL 31767817,*2 (citing Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). See also In re Poseidon Pools of America, 180 BR.

---

[2] Examples of the block billing include the following entries:

| Date | Initials | Hours (Amount) |
|---|---|---|
| 4/22/2009 | KC | .2 hours ($12.00) |
| 4/23/2009 | KC | .5 hours ($60.00) |
| 2/5/2008 | GRK | .7 hours ($140.00) |
| 5/20/2008 | GRK | 1.9 hours ($380.00) |
| 10/26/2008 | GRK | 3.5 hours ($700.00) |
| 10/29/2008 | GRK | 6.5 hours ($1,300.00) |
| 8/27/2009 | RJL | 1.1 hours ($330.00) |

[3] In instances where block billing occurs, courts have reduced legal fees in varying percentages ranging from 5% to 100%. See e.g, In re Charis Hosp., LLC, 360 B.R. 190, 200 (Bankr. M.D.La. 2007)(court disallowed 50% of block billed time entries); In re Dimas, LLC, 357 B.R. at 580-82 (court disallowed 100% of block billed time entries); In re Teraforce Technology Corp., 347 B.R 838, 857 (Bankr. N.D.Tex. 2006)(court disallowed 50% of block billed time entries); Gundlach v. Nat'l Ass'n for Advancement of Colored People, Inc., 2005 WL 2012738 (M.D. Fla. August 16, 2005)(court utilized a 30% reduction of the total legal fees claimed due to use of block billing); In re Worldwide Direct, Inc., 316 B.R. at 643 (lump sum reduction due to block billed entries); Sec. And Exch. Comm'n v. Mobley, 2000 WL 1702024, *2 (S.D.N.Y. November 13, 2000)(lump sum reduction due to block billed time entries); In re Recyling Industries, Inc., 243 B.R. at 406-07(court disallowed 5% of total legal fees claimed due to use of block billing).

[4] In order to enable the Court to determine whether the time expended is reasonable, time entries such as meetings, conferences, correspondence and telephone calls must identify the participants, describe the substance of the communications, explain its outcome and justify its necessity. See In re Brous, 2007 WL 1705630,*9 (Bankr. S.D.N.Y. June 12, 2007); In re Fibermark, Inc., 349 B.R. at 396; In re Southern Diesel, Inc., 309 B.R. 810, 813 (Bankr. M.D.Ala. 2004); In re Hasset, Ltd., 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002).

at 751; In re Navis Realty, Inc., 126 B.R. at 144; In re Adventist Living Ctrs., Inc., 137 B.R. 701, 706 (Bankr.N.D.Ill. 1991). Accordingly, the Court shall reduce the fees requested by the amount of $1,460.00.

    4.    Excessive Amount of Travel Time

The Lester firm's billings also reflect entries for travel time in excess of that which the Court permits.[5] The Court shall reduce this request by fifty per cent, resulting in a reduction of $812.50.

For the reasons set forth above, the Court awards fees and costs as follows. Subject to the itemized reductions noted above, the Court awards the Lester firm final fees in the amount of $283,316.50, with a net payment of $116,871.17 and final expenses in the sum of $5,429.02, with a net payment of $1,108.99.

## CONCLUSION

The Court awards the Lester firm final fees in the amount of $283,316.50, with a net payment of $116,871.17 and final expenses in the sum of $5,429.02, with a net payment of $1,108.99.

IT IS SO ORDERED.

Dated: Brooklyn, New York
      January 11, 2010                                s/ Dennis E. Milton
                                                            DENNIS E. MILTON
                                                            United States Bankruptcy Judge

To:

---

[5] The entries in question were as follows:

        10/30/2007      RJL     3.25 hours ($975.00)
        10/20/200       GRK    3.25 hours ($650.00)

Roy J. Lester, Esq.
Lester & Associates, P.C.
Attorneys for Aston Baker
600 Old Country Road, Suite 229
Garden City, New York 11530

Aston Baker
Debtor
821 Green Avenue
Brooklyn, New York 11201

Diana G. Adams, Esq.
United States Trustee for Region 2
Office of the United States Trustee
271 Cadman Plaza East, Room 4529
Brooklyn, New York
By:	William E. Curtin, Esq.
	Trial Attorney